IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| ARNETTA SWIFT NEEHILL, | ) | |
| | ) | |
| Plaintiff, | ) | 8:16CV149 |
| | ) | |
| v. | ) | |
| | ) | |
| JEFFERY LUX, Assistant DC | ) | **MEMORANDUM** |
| Defender, CLAUDIA KNIGHT, | ) | **AND ORDER** |
| UNKNOWN JOHN DOE, | ) | |
| CORRECTIONAL OFFICERS, | ) | |
| MIZKI JAREBECK, and HEATHER, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff, a non-prisoner, filed her Complaint on April 8, 2016. (Filing No. 1.) Plaintiff has been given leave to proceed in forma pauperis. (Filing No. 5.) The court now conducts an initial review of the Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2).

### I. SUMMARY OF COMPLAINT

The entirety of Plaintiff's Complaint is this: "We pray for a decioration that 'Lux' violated our constitutional rights under color of state law when he held us without NesNe Sine die Sans MesMe." (Filing No. 1.)

### II. APPLICABLE STANDARDS ON INITIAL REVIEW

The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e). The court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that

fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. [28 U.S.C. § 1915(e)(2)(B)](.).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." [Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 569-70 (2007)](.); *see also* [Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)](.) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" [Topchian v. JPMorgan Chase Bank, N.A., 760 F.3d 843, 848 (8th Cir. 2014)](.) (quoting [Hopkins v. Saunders, 199 F.3d 968, 973 (8th Cir. 1999)](.)). However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." [Topchian, 760 F.3d at 849](.) (internal quotation marks and citations omitted).

### III. DISCUSSION OF CLAIMS

Plaintiff's Complaint fails to comply with the general rules of pleading set forth in [Federal Rule of Civil Procedure 8](.). Rule 8 requires that every complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." [Fed. R. Civ. P. 8(a)(2)](.). In addition, a complaint must state enough to "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" [Erickson v. Pardus, 551 U.S. 89, 93 (2007)](.) (quoting [Bell Atlantic Corp., 550 U.S. at 555)](.)).

Here, the court cannot determine any basis for Plaintiff suing the defendants. Aside from Plaintiff's general allegation that Lux violated her constitutional rights

2

under color of state law, Plaintiff raises no claims and makes no allegations against any of the defendants. Thus, Plaintiff's Complaint fails to state a claim upon which relief may be granted.

On the court's own motion, Plaintiff shall have 30 days from the date of this Memorandum and Order to file an amended complaint that sufficiently describes his claims against Defendants. Plaintiff should be mindful to explain what Defendants did to her, when Defendants did it, how Defendants' actions harmed her, and what specific legal rights Plaintiff believes Defendants violated.[1] If Plaintiff fails to file an amended complaint in accordance with this Memorandum and Order, Plaintiff's claims against Defendants will be dismissed without prejudice and without further notice. Accordingly,

IT IS ORDERED that:

1. Plaintiff shall have 30 days from the date of this Memorandum and Order to file an amended complaint that clearly states a claim upon which relief may be granted against Defendants in accordance with this Memorandum and Order. If Plaintiff fails to file an amended complaint, Plaintiff's claims against Defendants will be dismissed without further notice.

2. The clerk of the court is directed to set a pro se case management deadline in this case using the following text: Check for amended complaint on July 11, 2016.

---

[1] Plaintiff should not repeat claims made in her other numerous lawsuits. (*See* Case Nos. 4:16CV3081, 8:14CV259, 8:16CV53, 8:16CV67, 8:16CV106, 8:16CV150, 8:16CV151, 8:16CV152.)

3. Plaintiff shall keep the court informed of her correct, current address at all times while this case is pending. Failure to do so may result in dismissal without further notice.

4. The court reserves the right to conduct further review of Plaintiff's claims pursuant to [28 U.S.C. § 1915(e)(2)](28 U.S.C. § 1915(e)(2)) after Plaintiff addresses the matters set forth in this Memorandum and Order.

DATED this 9th day of June, 2016.

BY THE COURT:

s/ *Richard G. Kopf*
Senior United States District Judge