IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| ARNETTA SWIFT NEEHILL, | ) | |
| | ) | |
| Plaintiff, | ) | 8:16CV149 |
| | ) | |
| v. | ) | |
| | ) | |
| JEFFERY LUX, Assistant DC | ) | **MEMORANDUM** |
| Defender, CLAUDIA KNIGHT, | ) | **AND ORDER** |
| UNKNOWN JOHN DOE, | ) | |
| CORRECTIONAL OFFICERS, | ) | |
| MIZKI JAREBECK, HEATHER, | ) | |
| FOXALL, Director of Corrections in | ) | |
| and for Douglas County, Nebraska, | ) | |
| HIS JOHN JANE DOE | ) | |
| ACCOMPLICES IN HIS EMPLOY, | ) | |
| and JAMES HOLTMEYER, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

This matter is before the court on its own motion. On June 9, 2016, the court conducted an initial review (Filing No. 12) of Plaintiff's Complaint which, in its entirety, read: "We pray for a decioration that 'Lux' violated our constitutional rights under color of state law when he held us without NesNe Sine die Sans MesMe." (Filing No. 1.) Finding that Plaintiff failed to comply with the general rules of pleading, Fed. R. Civ. P. 8, the court ordered Plaintiff to file an Amended Complaint with the following directions: "Plaintiff should be mindful to explain what Defendants did to her, when Defendants did it, how Defendants' actions harmed her, and what specific legal rights Plaintiff believes Defendants violated." Plaintiff was also cautioned to "not repeat claims made in her other numerous lawsuits. (*See* Case Nos. 4:16CV3081, 8:14CV259, 8:16CV53, 8:16CV67, 8:16CV106, 8:16CV150, 8:16CV151, 8:16CV152.)" (Filing No. 12 at CM/ECF p. 3.)

Plaintiff has now filed an Amended Complaint (Filing No. 13), which the court must now review and determine whether summary dismissal under 28 U.S.C. § 1915(e)(2) is appropriate.

## I. SUMMARY OF COMPLAINT

Plaintiff has complied with the Court's prior order insofar as she very broadly alleges what was done to her (illegal arrest based on search of an unspecified place; search warrant relied only on information provided by a "rat confidential informant"; and held in jail for three weeks to two months after she "posted bond"); when these actions occurred (2014, 2015, 2016); harm she suffered as a result ("lost thousands of dollars of possessions"); and what legal rights were violated (court may infer Fourth and Fourteenth Amendment rights from allegations).

However, contrary to the court's prior order, Plaintiff has repeated claims made in previous lawsuits against some of the same defendants. *See Swift v. Holtmyer*, No. 8:16CV150 (Plaintiff's suit against Omaha Police Officer Holtmyer for unlawful search, arrest, and unwarranted criminal charges) (amended complaint due Aug. 1, 2016); *Swift v. Foxall & Employee John Doe*, No. 8:16CV151 (Plaintiff's suit against Foxall and unknown John Doe employee for holding Plaintiff in jail after release order was entered) (amended complaint due Aug. 1, 2016); *Swift v. Jerabek, Foxall, et al.*, No. 8:16CV67 (Plaintiff's suit against Foxall, Jerabek, and others for illegal arrest upon "bogus" warrant and being held in jail after bond posted; dismissed July 15, 2016, for failure to diligently prosecute).

Further, Plaintiff has not made any allegations whatsoever regarding any specific defendant[1] she has named in her complaints, except in reference to Plaintiff's

---

[1]Plaintiff named one group of defendants in her original Complaint (Lux, Knight, Doe, Correctional Officers, Jarebeek, Heather), and another group of defendants in her Amended Complaint (Foxall, Foxall's John and Jane Doe

comment that even "supra white and racist" judges can see that people may not be held in jail without a "motion from lux to hold []petitioner"[2] or a judge's order. (Filing No. 13 at CM/ECF p. 1.)

## II. STANDARDS ON INITIAL REVIEW

In reviewing an in forma pauperis complaint to determine whether summary dismissal is appropriate, the court must dismiss a complaint or any portion thereof that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed" for failing to state a claim upon which relief can be granted. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). Regardless of whether a plaintiff is represented or is appearing pro se, the plaintiff's complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985). A pro se plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dep't of Corr. & Rehab.*, 294 F.3d 1043, 1043-44 (8th Cir. 2002) (citations omitted).

---

"accomplices in his employ," Holtmeyer). Plaintiff broadly alleges that she was arrested "by omaha police" and "the respondents" refused to release her, but no allegation is made against specific defendants, nor are most of the defendants identified or described (Knight, John Doe, Correctional Officers, Jarebeck, Heather, Foxall's John Jane Doe Accomplices, Holtmeyer). (Filing No. 13.)

[2]According to Plaintiff's original Complaint, Lux is an assistant Douglas County Public Defender.

Liberally construed, Plaintiff here seeks to allege federal constitutional claims. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege a violation of rights protected by the United States Constitution or created by federal statute, and also must show that the alleged deprivation was caused by conduct of a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993).

### III.  DISCUSSION

Plaintiff sues the defendants both "individually and officially."[3] (Filing No. 13 at CM/ECF p. 1.)

**A.  Official Capacity Claims**

A claim against an individual in his *official capacity* is, in reality, a claim against the entity that employs the official, in this case, the City of Omaha and Douglas County. *See Parrish v. Luckie*, 963 F.2d 201, 203 n.1 (8th Cir. 1992) ("Suits against persons in their official capacity are just another method of filing suit against the entity.  A plaintiff seeking damages in an official-capacity suit is seeking a judgment against the entity." (internal citations omitted)). These city and county entities can only be liable under § 1983 if a municipal policy or custom caused Plaintiff to be deprived of a federal right or if the municipality failed to adequately train its employees. *Snider v. City of Cape Girardeau*, 752 F.3d 1149, 1160 (8th Cir. 2014) (citing *City of Canton v. Harris*, 489 U.S. 378, 385 (1989); *Monell v. N.Y. Dep't*

---

[3]Specifically, Plaintiff alleges that "the only thing that we want the white white white white so called article three judge and his housenigger prose law clerk to savvy is what we said before which is that . . . all defendants are sued individually and officially."

*of Soc. Servs.*, 436 U.S. 658, 694 (1978)). Plaintiff has not made any allegations supporting a policy, custom, or failure-to-train claim.

### B. Individual Capacity Claims

Plaintiff did not indicate how any of the defendants were personally involved in the broadly described events in the Amended Complaint. Rather, these defendants' names only appear in the caption of the complaints. A complaint that only lists a defendant's name in the caption without alleging that the defendant was personally involved in the alleged misconduct fails to state a claim against that defendant. *Krych v. Hvass*, 83 F. App'x 854, 855 (8th Cir. 2003). *See also Potter v. Clark*, 497 F.2d 1206, 1207 (7th Cir. 1974) ("Where a complaint alleges no specific act or conduct on the part of the defendant and the complaint is silent as to the defendant except for his name appearing in the caption, the complaint is properly dismissed, even under the liberal construction to be given pro se complaints").

### IV. CONCLUSION

Plaintiff's claims have been repeatedly evaluated in this and other cases, and Plaintiff has been advised several times exactly how her allegations (or lack thereof) were insufficient to state a claim for relief under 42 U.S.C. § 1983. Plaintiff has continued to ignore these instructions, instead filing multiple lawsuits containing the same insufficiently pled allegations about the same event.[4] Therefore, Plaintiff will not be given further leave to amend. *See Jackson v. Riebold*, 815 F.3d 1114, 1122 (8th Cir. 2016) ("Futility is a valid basis for denying leave to amend.").

---

[4] *See Swift v. Holtmyer*, No. 8:16CV150; *Swift v. Foxall & Employee John Doe*, No. 8:16CV151; *Swift v. Jerabek, Foxall, et al.*, No. 8:16CV67.

IT IS THEREFORE ORDERED:

1. This action is dismissed with prejudice for failure to state a claim.

2. Judgment shall be entered by separate document.

DATED this 27th day of July, 2016.

> BY THE COURT:
> s/ *Richard G. Kopf*
> Senior United States District Judge